On Rehearing.
By the WHOLE .COURT.
LECHE, J.
[2] When the police jury of La Salle parish adopted the ordinance submitting to the taxpayers of that parish, at a special election to be held for that purpose, the question whether it should issue bonds in order to raise funds to build roads, it adopted at the same meeting and as part of its proposed road-building scheme another ordinance which. designated by name each and every road which was to be built, and that ordinance mentioned the proportionate sum of money arising out of the proceeds of the whole bond issue, to be devoted to the building of each of such roads. Among these roads is the Olla-Rosefield road, upon which the ordinance proposes that the sum of $65,-000 shall be spent. The record further shows that the Olla-Rosefield road as thus defined was well known, and had been established a great many years as one of the public roads of the parish of La Salle.
After the taxpayers of the parish of La Salle had voted for and authorized the bond issue, the police jury was about to change the well-known and established route of the Olla-Rosefield road, and to run it along a new line, at one point two miles away from the original route, when the present injunction proceedings were instituted by the plaintiffs. The main question .at issue, then, does not involve the discretionary right of the •police jury to select a line for a new road, nor its discretionary right in rebuilding old roads to make slight changes or alterations to avoid sharp curves, bogs, or other obstacles, but it involves the authority of the police *1061 jury to establish and build an entirely different road with the proceeds of bonds which were voted for the purpose of grading and surfacing a well-defined, well-known, and long established road.
On presentation of this phase of the controversy to us on rehearing, we have no hesitancy in saying that the defendant police jury has no such authority. In the case of Isadore, Samuel, and Barney J. Sugar v. City of Monroe, 108 La. 677, 32 South. 961, 59 L. R. A. 723, where a schoolhouse built with the proceeds of a bond issue voted by the taxpayers was about to be converted into a theater, we held that such conversion would be a breach of faith, and the same might be said in this case if the proposed action of the defendant was carried out.
For these reasons our former decree is set aside, and the judgment appealed from is avoided and reversed, and it is now ordered that defendant be, and is hereby, enjoined from spending or disbursing any part of the $65,000 fund arising from the bond issue voted by the taxpayers of La Salle parish on August 21, 1919, and dedicated for the building of the Olla-Rosefield road, except for the purpose of building, grading, and surfacing of said Olla-Rosefield road as it existed at the time that said election was held on August 21, 1919. It is further ordered that defendant pay all costs.